IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORNELIUS BRIDDELL, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 13-611-RGA |
| DR. LAWRENCE MCDONALD, et al., | : | |
| Defendants. | : | |

Cornelius Briddell, Sussex Correctional Institution, Georgetown, Delaware; Pro Se Plaintiff.

Daniel A. Griffith, Esquire, Whiteford, Taylor & Preston, LLC, Wilmington, Delaware; Counsel for Defendants.

**MEMORANDUM OPINION**

December 11, 2014
Wilmington, Delaware

*signature*
**ANDREWS, U.S. District Judge:**

Plaintiff Cornelius Briddell, an inmate at the Sussex Correctional Institution in Georgetown, Delaware, appears *pro se* and has been granted leave to proceed *in forma pauperis*. Plaintiff alleges violations of his constitutional rights pursuant to 42 U.S.C. § 1983. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Before the Court is Defendants' motion for summary judgment. (D.I. 31). Plaintiff did not file a timely response to the motion and, on October 2, 2014, the Court entered a briefing schedule setting a date for Plaintiff to file a response. (D.I. 32). He failed to do so.

The Complaint alleges that Plaintiff has "sickle cell disease," "avascular necrosis," and lives with chronic pain. Plaintiff alleges that he has a "chemoport" implanted in his chest but Defendants refuse to treat his disease and will not send him to the proper physicians for treatment. (D.I. 3).

Defendants move for summary judgment on the grounds that: (1) there is no evidence of record to support Plaintiff's claim of deliberate indifference to a serious medical need by any defendant; (2) the Court lacks jurisdiction because Plaintiff's intent in filing the Complaint is a modification of sentence so that he can receive medical treatment; and (3) the claims are barred by collateral estoppel.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "could affect the outcome" of the proceeding. *See Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

586 n.10 (1986). The court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

If the moving party is able to demonstrate an absence of disputed material facts, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *see also Matsushita*, 475 U.S. at 587. The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment. *Anderson*, 477 U.S. at 249. Rather, the nonmoving party must present enough evidence to enable a jury to reasonably find for it on that issue. *Id.* If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court will not grant the entry of summary judgment without considering the merits of Defendants' unopposed motion. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (holding that a district court should not have granted summary judgment solely on the basis that a motion for summary judgment was not opposed.").

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison

officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104.

Serious medical needs are those that have been diagnosed by a physician as requiring treatment or are so obvious that a lay person would recognize the necessity for medical attention, and those conditions which, if untreated, would result in a lifelong handicap or permanent loss. *See Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

Deliberate indifference requires more than mere negligence or lack of due care. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). To demonstrate deliberate indifference, the plaintiff must demonstrate that the defendant was "subjectively aware of the risk" of harm to the plaintiff. *See Farmer*, 511 U.S. at 828. The plaintiff must allege acts or omissions that are sufficiently harmful to offend "evolving standards of decency." *Estelle v. Gamble*, 429 U.S. at 106. "Mere medical malpractice cannot give rise to a violation of the Eighth Amendment." *White v. Napoleon*, 897 F.2d 103, 108 (3d Cir. 1990).

To support their motion for summary judgment, Defendants ask the Court to take judicial notice of cases filed by Plaintiff in the Delaware courts wherein he sought medical treatment as a means of modifying his sentence. In *Briddell v. State*, 810 A.2d 349 (Del. 2002), it was noted that when Plaintiff was sentenced on March 2, 2001, the Superior Court was aware that he suffered from a blood disease. On March 9, 2001, Plaintiff filed a motion requesting a modification of sentence on the ground that he also suffered from prostate cancer, and his counsel argued that a sentence modification was

3

necessary so that Plaintiff could receive proper treatment. The motion was denied, but the Superior Court noted that the Department of Correction was responsible for providing Plaintiff with appropriate medical treatment. The Superior Court required the DOC to notify the Court if it could not fulfill this duty and, thereafter, the State informed the Court that the documentation from the doctor purportedly treating Plaintiff for cancer (attached to the motion for sentence modification) was a forgery, and that Plaintiff did not suffer from cancer. Plaintiff continued to file repetitive motions for modification of sentence. After the Superior Court denied Plaintiff's thirteenth motion for modification of sentence, it informed Plaintiff that it would not consider modifying his sentence absent written notification from the DOC that the DOC could not meet Plaintiff's medical needs. In November 2002, the ruling was affirmed by the Delaware Supreme Court. *Id.*

In 2013, Plaintiff was again incarcerated and, in quick succession, filed three motions for modification of sentence on the grounds that he has a serious medical condition and was not getting proper medication and treatment.[1] *Briddell v. State*, 82 A.3d 729 (Del. 2013). Delaware law provides for a reduction of sentence on the basis of the "serious medical illness or infirmity of the offender," but only pursuant to an application by the DOC for "good cause" shown. *Id.* Because there was no application by the DOC, the Delaware Supreme Court found that Plaintiff could not expect a sentence modification based on a serious medical condition and, on December 26, 2013, affirmed the judgment of the Superior Court. (*Id.*) On February 12, 2014,

---

[1]Plaintiff filed the instant complaint on April 12, 2013. The motions for modification of sentence were filed on May 29, 2013, July 5, 2013, and July 26, 2013.

4

Plaintiff sought injunctive relief in the Delaware Chancery Court stating that he suffers from sickle cell disease and needed a bone marrow transplant. (D.I. 21, ex. A) The outcome of that motion is unknown.

Plaintiff offered no evidence to support his medical needs claim. His "complete failure of proof" on the elements of his claims entitle Defendants to summary judgment. See Celotex Corp., 477 U.S. at 323. Indeed, the foregoing cases demonstrate that Plaintiff has a history of seeking medical treatment as a means of modifying his sentence. Given the cases discussed above that discredit Plaintiff's claims he is not receiving medical care with regard to his alleged medical conditions, and the fact that he offered no evidence to substantiate his allegations, the Court concludes that Defendants are entitled to summary judgment.

Based upon the evidence of record, no reasonable jury could find for Plaintiff on any of his claims. For the above reasons, the Court will grant Defendants' motion for summary judgment. (D.I. 31).

An appropriate order will be entered.